UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, KEVIN E. WILLIAMSON, KENNETH R. BOYD, CARL IVKA, TIMOTHY MELIA, ROBERT A. BLAIR, WILLIAM M. VAUGHN, III, JOHN A. WAGNER, WALTER B. BLAKE, RICHARD D. COX, M. SCOTT HENDERSON, and JASON PARADIS, <br><br>18861 90th Avenue, Suite A <br>Mokena, IL 60448 <br><br>                              **Plaintiffs,** <br><br>    v. <br><br>ELLET GROCERY CORPORATION <br>1028 Hammel Street <br>Akron, OH 44306-2232 <br><br>Serve: James T. Pachell <br>       209 Portage Trail Ext, Suite 100 <br>       Cuyahoga Falls, OH 44333 <br><br>PARK GROCERY CORPORATION <br>255 Darrow Road <br>Akron, OH 44305-3801 <br><br>Serve: R&A Agents, Inc. <br>       222 South Main Street <br>       Akron, OH 44308 <br><br>FIRST RESORT PROPERTIES LLC <br>1446 Spring Wood Lane <br>Uniontown, OH 44685-6200 <br><br>Serve: Kenneth A. Dawson, Jr. <br>       1466 Spring Wood Lane <br>       Uniontown, OH 44685 <br><br>                              **Defendants.** | **Case No.:** 17-cv-8170 |

## COMPLAINT

Plaintiffs United Food and Commercial Workers International Union-Industry Pension Fund and its Trustees (the "Fund"), by counsel, hereby complain of Defendants Ellet Grocery Corporation ("Ellet Grocery"), Park Grocery Corporation ("Park Grocery"), and First Resort Properties LLC ("First Resort") (collectively "Defendants") as follows:

### Introduction

1. This action is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. Plaintiffs seek a judgment against Defendants, jointly and severally, for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer defined benefit pension plan, in collecting these amounts.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Fund is administered in this District.

### Parties

4. The Fund is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3).

5. Plaintiffs Anthony M. Perrone, Kevin E. Williamson, Kenneth R. Boyd, Carl Ivka, Timothy Melia, Robert A. Blair, William M. Vaughn, III, John A. Wagner, Walter B. Blake, Richard D. Cox, Scott M. Henderson, and Jason Paradis are Trustees of the Fund and

2

"fiduciaries" with respect to the Fund as defined in Section 3(21) of ERISA, 29 U.S.C. § 1002(21), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6. Defendant Ellet Grocery Corporation ("Ellet Grocery") is an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. § 1002(11) and (12). Upon information and belief, Ellet Grocery is a corporation organized under the laws of the State of Ohio with its principal place of business in Akron, Ohio.

7. Defendants Park Grocery Corporation and First Resort Properties LLC are corporations organized under the laws of the State of Ohio with principal places of business in Akron, Ohio and Uniontown, Ohio, respectively. At all times pertinent to this action, including the date of Ellet Grocery's withdrawal from the Fund, Ellet Grocery and Defendants Park Grocery and First Resort were under common ownership. Accordingly, under ERISA Section 4001, 29 U.S.C. § 1301, and Code Section 414(c), Defendants Ellet Grocery, Park Grocery, and First Resort constitute trades or businesses under common control and therefore are jointly and severally liable for the withdrawal liability incurred upon Ellet Grocery's complete withdrawal from the Fund.

**Governing Documents**

8. At all times relevant to this action, Ellet Grocery employed employees who were represented for the purposes of collective bargaining by United Food and Commercial Workers Union Local 880 ("Local 880"), a labor organization representing employees in an industry affecting interstate commerce.

3

9. At all times relevant to this action, Ellet Grocery and Local 880 were parties to and bound by Collective Bargaining Agreements ("CBAs") obligating Ellet Grocery to make monthly contributions to the Fund and submit monthly remittance reports to the Fund detailing those individuals who are covered under the Fund for purposes of accruing pension benefits.

10. Under the CBAs, Ellet Grocery agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") governing the Fund, and any rules and policies adopted by the Trustees thereunder.

11. Ellet Grocery was also a party to an Employer Participation Agreement with the Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Ellet Grocery to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

**Factual Allegations**

12. The Fund determined that in the Plan Year ending June 30, 2017, Ellet Grocery effected a "complete withdrawal" from the Fund, as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

13. The Fund determined that as a result of this complete withdrawal, Ellet Grocery incurred withdrawal liability to the Fund in the amount of $676,083.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

14. On or about June 29, 2017, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

15. This Notice and Demand for payment informed Ellet Grocery that its withdrawal liability was $676,083.00, payable in 68 quarterly payments of $16,604.00 plus a final quarterly

payment of $8,633.00. The Notice and Demand stated the first quarterly payment was due on or before August 1, 2017.

16. By letter dated September 22, 2017, the Fund notified Ellet Grocery that the Fund had determined Defendants to be in immediate default and had accelerated Defendants' outstanding withdrawal liability such that the entire outstanding withdrawal liability in the amount of $676,083.00 was immediately due and owing.

17. Under the Fund's Withdrawal Liability Rules, the Fund may accelerate the occurrence of a default if there is a substantial likelihood that the Employer will be unable to satisfy its withdrawal liability obligations. Therefore, because Defendants were in default, the entire amount of the withdrawal liability in the amount of $676,083.00, plus accrued interest, became due and owing under ERISA Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A).

18. Neither Ellet Grocery nor any other trade or business under common control requested plan sponsor review or arbitration of the withdrawal liability assessment within the time periods specified in Sections 4219(b)(2)(A) and 4221(a)(1) of ERISA, 29 U.S.C. §§ 1399(b)(2)(A) and 1401(a)(1), foreclosing any challenge to the Fund's assessment and fixing the amounts due.

## COUNT I:

## WITHDRAWAL LIABILITY AGAINST ELLET GROCERY CORPORATION

19. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

20. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

.
.
.

21. Ellet Grocery is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A), and 29 C.F.R. § 4219.33, and the entire unpaid balance of the withdrawal liability, plus interest, is now due and owing.

22. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Ellet Grocery is liable for withdrawal liability in the amount of $676,083.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954; the greater of interest at the above rate or liquidated damages equal to 20 percent of the withdrawal liability in the amount of $135,216.00; and attorneys' fees and costs incurred by the Fund in collecting these amounts.

## COUNT II:

### CLAIM FOR CONTROLLED GROUP WITHDRAWAL LIABILITY AGAINST DEFENDANTS PARK GROCERY CORPORATION AND FIRST RESORT PROPERTIES LLC

23. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

24. At the time of Ellet Grocery's withdrawal from the Fund, Park Grocery was under common ownership with Ellet Grocery.

25. Upon information available to the Fund, Park Grocery was a trade or business under common control with Ellet Grocery within the meaning of Section 414(c) of the Internal Revenue Code and the regulation thereunder, Treasury Regulation Section 1.414(c)-2(c), 26 U.S.C. § 1.414(c)- 2(c), at the time of Ellet Grocery's withdrawal from the Fund.

26. Accordingly, under ERISA Section 4001, 29 U.S.C. § 1301, and Internal Revenue Code Section 414(c), Park Grocery is jointly and severally liable for the withdrawal liability incurred upon Ellet Grocery's complete withdrawal from the Fund.

27. At the time of Ellet Grocery's withdrawal from the Fund, First Resort was under common ownership with Ellet Grocery.

6

28. Upon information available to the Fund, First Resort was a trade or business under common control with Ellet Grocery within the meaning of Section 414(c) of the Internal Revenue Code and the regulation thereunder, Treasury Regulation Section 1.414(c)-2(c), 26 U.S.C. § 1.414(c)- 2(c), at the time of Ellet Grocery's withdrawal from the Fund.

29. Accordingly, under ERISA Section 4001, 29 U.S.C. § 1301, and Internal Revenue Code Section 414(c), First Resort is jointly and severally liable for the withdrawal liability incurred upon Ellet Grocery's complete withdrawal from the Fund.

30. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under ERISA sent to one member of a controlled group constitutes notice to all trades or businesses in the same controlled group.

31. As set forth above, the Fund provided notice of the withdrawal liability assessment to Ellet Grocery. Neither Ellet Grocery nor any other trades or businesses in the controlled group has paid to the Fund any of the withdrawal liability due, and Ellet Grocery is now in default.

32. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

33. By the foregoing conduct, Park Grocery and First Resort have violated Section 515 of ERISA, 29 U.S.C. § 1145 and are jointly and severally liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $676,083.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954; the greater of interest at the above rate or liquidated damages equal to 20 percent of the withdrawal liability in the amount of $135,216.00; and attorneys' fees and costs incurred by the Fund in collecting these amounts.

**Prayer for Relief**

**WHEREFORE**, Plaintiffs pray that the Court:

(a) Enter judgment against Defendants, jointly and severally, and in favor of Plaintiffs; pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts:

(1) $676,083.00 in withdrawal liability

(2) Interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Code, accruing from the date of default until the date paid;

(3) An amount equal to the greater of the interest on the withdrawal liability or 20 percent of the withdrawal liability, in an amount of at least $135,216.60 in liquidated damages, as required by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2);

(4) Attorneys' fees and other costs incurred by the Fund in the collection of withdrawal liability, including the attorneys' fees and costs in this action, as required by ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2); and

(b) Retain jurisdiction of this case pending compliance with its Orders; and

(c) Grant Plaintiffs such other and further relief as may be just and proper.

Dated: November 10, 2017       Respectfully submitted,

 s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
Christopher M. Leins, Esq. (Bar No. 997257)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C. 20036
(202) 797-8700
(202) 234-8231 (facsimile)

 s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)

David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000
Chicago, IL 60601
(312) 327-3443

*Counsel for Plaintiffs*

A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20554241v1